WEIMER, J.,
dissenting.
|/When an applicant has a record of criminal offenses, this court typically will allow the applicant to take the bar exam and, if the applicant passes the exam, the applicant may request the appointment of a commissioner to evaluate the applicant’s character and fitness. For example, in In re May, 12-1031, p. 1 (La.10/23/12), 101 So.3d 438, 438, the applicant was allowed to take the bar exam, notwithstanding the fact he had a criminal record that he had failed to disclose on his law school application.
Here, from all that appears, the applicant disclosed a criminal history on his background questionnaire. The applicant’s history, according to the Committee on Bar Admissions, includes several alcohol-related offenses, such as public intoxication, being a minor in possession of alcohol, driving under the influence, and an open container violation. However, the information . provided does not indicate *161 whether the applicant has been convicted of the listed offenses. According to the present record, it is entirely possible that the applicant was arrested but ultimately exonerated!' On the other hand,- it is entirely possible that the applicant has been found guilty. We simply do not .know at present because the record indicates the applicant was “cited for, arrested for, charged with, or convicted” of the criminal offenses. Likewise,- we do not know if the applicant has utilized the services of the Judges and Lawyers Assistance Program for any alcohol abuse issues.
|2Not unlike my learned colleagues, I find the record that the applicant has divulged troubling and some summary explanation could have been beneficial. However, the majority’s denial of permission to take the bar exam essentially presumes the applicant is guilty of crimes that the Committee does not,' at this juncture, identify as convictions. Moreover, under La. Sup.Ct. Rule XVII, Sect. 9(D), the most appropriate time for an explanation is after passage of the bar exam and during a hearing before a commissioner. There may be some criminal histories that cannot be explained, but this is not such a record.
Accordingly, I respectfully dissent. I would allow the applicant to take the bar exam with the provision that, upon his successful completion of the bar exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence.